UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TOMAS ORTEGA, | **COMPLAINT** |
| Plaintiff, | **Docket No.:** |
| -against- | Jury Trial Demanded |
| 230 A & M DELI-GROCERY INC., and ADEL MAGI, individually, and MOHAMMED ABISSE, individually, and KHALIL ABISSE, and individually, | |
| Defendants. | |

TOMAS ORTEGA ("Plaintiff"), by and through his attorneys, STEVENSON MARINO LLP, as and for his Complaint against 230 A & M DELI-GROCERY INC. ("A&M Deli"), and ADEL MAGI, individually, and MOHAMMED ABISSE, individually, and KHALIL ABISSE, and individually (collectively as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

1.      This is a civil action for damages and equitable relief based upon violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 146-2.5; (iii) the NYLL's requirement that employers furnish employees with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); and (iv) the NYLL's requirement that employers furnish employees with a wage notice upon hire containing specific categories of accurate information on each payday, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

1

2.     Plaintiff worked for Defendants as a store clerk from May 2015 through September 26, 2020, at Defendants' deli located at 2840 Valentine Avenue, Bronx, New York 10458. As described below, for the duration of Plaintiff's employment, Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL, as Defendants failed to compensate Plaintiff at the statutorily-required overtime rate of pay for the hours that Plaintiff worked beyond forty in a workweek.

3.     Additionally, Defendants violated the NYLL by failing to provide Plaintiff with a wage statement on each payday that accurately stated the hours that Plaintiff worked each week or a wage notice upon hire that accurately stated his regular and overtime rates of pay.

## JURISDICTION AND VENUE

4.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

5.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

6.     At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

7.     At all relevant times herein, A&M Deli was and is a New York corporation with its principal place of business located at 2840 Valentine Avenue, Bronx, New York 10458.

8.     At all relevant times herein, Defendant Magi was and is A&M Deli's Chief Executive Officer and owner. In this role, Defendant Magi oversaw A&M Deli's operations, paid

employees, and had the power to hire and fire and approve all personnel decisions with respect to all of A&M Deli's employees. Defendant Magi hired, supervised, paid wages to, and terminated Plaintiff.

9.      At all relevant times herein, Defendant Mohammed Abisse was and is A&M Deli's owner and general supervisor. In this role, Defendant Mohammed Abisse oversaw A&M Deli's operations, paid employees, and had the power to hire and fire and approve all personnel decisions with respect to all of A&M Deli's employees. Defendant Mohammed Abisse supervised Plaintiff. On or around November 24, 2020, Defendant Mohammed Abisse, with his father, Khalil, attempted to re-hire Plaintiff after learning about Plaintiff's wage claims through a letter sent by Plaintiff.

10.     At all relevant times herein, Defendant Khalil Abisse was and is A&M Deli's owner and general supervisor. In this role, Defendant Khalil Abisse oversaw A&M Deli's operations, paid employees, and had the power to hire and fire and approve all personnel decisions with respect to all of A&M Deli's employees. Defendant Mohammed Abisse supervised Plaintiff. On or around November 24, 2020, Defendant Khalil Abisse, together with his son, Mohammed, attempted to re-hire Plaintiff after learning about Plaintiff's wage claims through a letter sent by Plaintiff.

11.     At all relevant times herein, A&M Deli was and is an "employer" within the meaning of the FLSA and NYLL. Additionally, A&M Deli's qualifying annual business exceeded and exceeds $500,000.00, and A&M Deli was and is engaged in interstate commerce within the meaning of the FLSA, as it employs two or more employees and buys and sells meat, produce, beverages, and other food items in the course of its business, which originate in states other than New York, as well as accepts credit card payments from customers for their purchases, the combination of which subjects

3

Defendants to the FLSA's requirements as an enterprise.

## **BACKGROUND FACTS**

12.     A&M Deli is a corporation that owns and operates a deli located in the Bronx, New York.

13.     Defendants employed Plaintiff as a store clerk from on or about May 2015 through September 26, 2020.

14.     As a store clerk, Plaintiff was responsible for stocking, cleaning, and working the cash register in the deli.

15.     For the duration of his employment, Plaintiff routinely worked six (6) or seven (7) days per week, from 7:00 a.m. through 5:00 p.m., each day without an uninterrupted meal break, totaling between sixty (60) and seventy (70) hours per week.

16.     For his work, Defendants paid Plaintiff a flat weekly salary in the following amounts for the approximate time periods: $600.00 from May 2015 through December 2017; $700.00 from January 2018 through December 2018; $900.00 from January 2019 through December 2019; and $700.00 from January 1, 2020 through September 26, 2020. The salary for each time period was intended to compensate Plaintiff for only his first forty hours of work each week.

17.     Throughout Plaintiff's employment, Defendants failed to pay Plaintiff at the statutory applicable overtime rate of one and one-half Plaintiff's regular rate of pay for the hours that Plaintiff worked in excess of forty in a workweek.

18.     By way of example only, for six days during the week of May 4 to May 10, 2020, Plaintiff worked six days from 7:00 a.m. until 5:00 p.m., without an uninterrupted meal break on any day during this week. Thus, Plaintiff worked sixty hours this week. For his work during this

specific workweek, Defendants paid Plaintiff $700.00, but failed to pay Plaintiff at the statutorily required overtime rate of $26.25 for the twenty (20) overtime hours that Plaintiff worked. The foregoing example is representative of Plaintiff's hours and compensation throughout his employment with Defendants.

19.     Defendants paid Plaintiff on a weekly basis by cash.

20.     On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement whatsoever, let alone one that accurately listed Plaintiff's actual hours worked, regular rate of pay, or overtime rate of pay for that week.

21.     Upon Plaintiff's hire, Defendants failed to furnish Plaintiff with any wage notice whatsoever, let alone one that accurately listed his regular and overtime rate of pay or whether he was to be paid by the hour, shift, day, week, salary or on some other basis.

22.     Defendants acted in the manner described herein to maximize their profits while minimizing their labor costs and overhead.

23.     Each hour that Plaintiff worked was for Defendants' benefit.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
### *Unpaid Overtime Under the FLSA*

24.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

25.     29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

26.     As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff is an employee within the meaning of the FLSA.

27.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the FLSA's overtime provisions.

28.     Defendants willfully violated the FLSA.

29.     Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times Plaintiff's regular rate of pay.

30.     Plaintiff is also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCRR*

31.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

32.     NYLL § 160 and 12 NYCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

33.     As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff is an employee within the meaning of the NYLL and the NYCRR.

34.     As also described above, Plaintiff worked in excess of forty hours in a workweek, yet Defendants failed to compensate Plaintiff in accordance with the NYLL's and the NYCRR's overtime provisions.

35.     Plaintiff is entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times Plaintiff's regular rate of pay.

36.     Plaintiff is also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCRR's overtime provisions.

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

37.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

38.     NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

39.     As described above, Defendants, on each payday, failed to furnish Plaintiff with accurate wage statements containing the criteria required under the NYLL.

40.     Pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper a Wage Notice in Violation of the NYLL*

41.     Plaintiff repeats, reiterates, and re-alleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

42.     NYLL § 195(1) requires that employers furnish employees with a notice upon hire, containing accurate, specifically enumerated criteria.

43.     As described above, Defendants, upon hire, failed to furnish Plaintiff with an accurate wage notice containing the criteria required under the NYLL.

44.     Pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff in the amount of $50 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

45.     Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.       A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.       Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.       An order restraining Defendants from any retaliation against Plaintiff for participation in any form in this litigation;

d.       All damages that Plaintiff has sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff would have received but for Defendants' unlawful payment practices;

e.       Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

f.       Awarding Plaintiff reasonable attorneys' fees, as well as costs and disbursements incurred in connection with this action, including expert witness fees and other costs;

g.       Pre-judgment and post-judgment interest, as provided by law; and

      h.      Granting Plaintiff such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       December 8, 2020

                                       Respectfully submitted,

                                       Stevenson Marino LLP
                                       *Attorneys for Plaintiff*
                                       75 Maiden Lane, Suite 402
                                       New York, New York 10038
                                       (212) 939-7229

By:                                      _____
                                      Jeffrey R. Maguire, Esq. (JM1982)