UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOMAS ORTEGA,

                      Plaintiff,

  -v-                                        CIVIL ACTION NO.: 20 Civ. 10347 (SLC)

230 A&M DELI-GROCERY INC., et al.,        **ORDER APPROVING SETTLEMENT**

                      Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

      The parties in this wage-and-hour case under the Fair Labor Standards Act ("FLSA") have consented to my jurisdiction under 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 for purposes of reviewing their proposed settlement (ECF No. 13), which they reached following a settlement conference before me on February 23, 2021, and have now submitted a joint Letter-Motion in support of settlement (ECF No. 18) and Settlement Agreement (ECF No. 18-1) for approval under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).  Courts generally recognize a "strong presumption in favor of finding a settlement fair" in FLSA cases like this one, as courts are not in as good a position as the parties to determine the reasonableness of a FLSA settlement."  Souza v. 65 St. Marks Bistro, No. 15 Civ. 327 (JLC), 2015 WL 7271747, at *4 (S.D.N.Y. Nov. 6, 2015) (citation omitted).  In addition, Plaintiff has expressed serious concerns about collectability and has agreed to a payment schedule, which "militates in favor of finding a settlement reasonable."  Lliguichuzcha v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013); see also Hart v. RCI Hosp. Holdings, Inc., No. 09 Civ. 3043 (PAE), 2015 WL 5577713, at *10 (S.D.N.Y. Sept. 22, 2015) (significant "risk that plaintiffs would not be able to collect, or fully

collect, on a judgment" supported approval of settlement agreement, which "[g]uaranteed recovery from the other two defendants in the event that [one] prove[d] unable to pay the entire settlement amount").

Having carefully reviewed the joint letter-motion in support of settlement, the Settlement Agreement and accompanying exhibits, and having participated in a lengthy conference that led to the settlement, the Court finds that all of the terms of the proposed settlement, including the allocation of attorneys' fees and costs, appear to be fair and reasonable under the totality of the circumstances and in light of the factors enumerated in Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  Accordingly, the Court approves the settlement.

This action is dismissed with prejudice and without costs except as may be stated in the Settlement Agreement.  The Court will retain jurisdiction to enforce the Settlement Agreement.  Any pending motions are moot.  The Clerk of Court is respectfully requested to close this case.

Dated:      New York, New York
            April 12, 2021

SO ORDERED

_____
**SARAH L. CAVE**
**United States Magistrate Judge**